NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NAURENE ANTONIOTTI, | : | Civil No. 07-209 (FLW) |
| Plaintiff, | : | |
| v. | : | OPINION |
| CARL NOSTRAND, | : | |
| Defendant. | : | |

Plaintiff Naurene Antoniotti ("Plaintiff") hereby moves for "default judgment" against *pro se* Defendant Carl Nostrand ("Defendant") pursuant to the terms of the parties' settlement agreement. For the following reasons, Plaintiff's motion is granted.

**Facts**

The procedural history of this case is lengthy and protracted, but "[b]ecause [I] write for the parties who are familiar with the factual context and procedural history of this case, [I] recite only the facts that are relevant to [my] analysis." Bentley v. Atlantic County, NJ, 2010 WL 2113453, *1 (3d Cir. May 27, 2010).

Through mediation of the instant matter, the parties entered into a written settlement agreement dated June 25, 2008. See Antoniotti Afft., Exh. A. Per the settlement agreement, Defendant was to make payments to Plaintiff totaling $60,000. Id. at ¶ 1. The payments were to be made in the following installments: (1) $39,000 due by July 1, 2008; (2) $6,000 due on January 1, 2009; (3) $5,000 due July 1, 2009; and (4) $5,000 due January 1, 2010. See id. at ¶¶ 2-3.

If payment was not made in accordance with the aforesaid installment schedule, which occurrence the agreement termed "default," the agreement provided that "written notice shall issue to [Defendant] with two weeks from default date to cure." Id. at ¶ 7. The agreement further provided that, in the default was not cured, "default judgment shall issue *ex parte* against [Defendant] in the amount of $110,000.00, less credit for payment made, and [Defendant] shall be responsible for reasonable attorney's fees and costs consequent to default and for collection of judgment consequently entered against him." Id. at ¶ 8.

Defendant made the first three payments due under the agreement, although some were not timely made. Antoniotti Afft., ¶¶ 6, 9, 12. Defendant did not make the final $5,000 payment due under the agreement, which payment was due on January 1, 2009. See id. at ¶ 13.

On January 18, 2010, Plaintiff moved for default judgment in the amount of $60,000, pursuant to the parties' agreement. According to Plaintiff, this amount represents $110,000, less credit for the $50,000 Defendant has already paid. Id. at ¶ 16. Plaintiff did not seek attorney's fees or costs. Id. Subsequently, on March 1, 2010, Defendant moved for rescission of the settlement agreement. That motion was denied by this Court on April 12, 2010.

While Defendant did not explicitly challenge the substance of Plaintiff's motion, in consideration of his *pro se* status, the Court considers arguments Defendant has made in other papers before this Court. Defendant has argued that he entered into the settlement agreement under "duress, intimidation, false statements, and fraud." Letter from Carl Nostrand requesting rescission of the June 25, 2008 Mediation dated Jan. 12, 2009. He did not explain in his submissions, however, the nature of the alleged duress, intimidation, false statements, and fraud. Additionally, Defendant has argued that "[o]pposing counsel was well aware defendant had no assets to pay the additional

$21,000 as my financial records were provided to counsel as proof of assets." Def. Reply Br. Mot. for Rescission at 3. In support of this argument, he attached a spreadsheet describing certain of his assets titled "Recapitualtion [sic] of Deposits, Withdrawals, and Securities deposited into Brokerage Accounts." Id., Exh. 1.

**Discussion**

Plaintiff has termed the instant motion as one for default judgment, perhaps because the parties' settlement agreement uses that term. Default judgment pursuant to Federal Rule of Civil Procedure 55, however, is to be entered against a defendant who "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Because Defendant has appeared and pled in this action, and the essence of Plaintiff's request is to enter judgment pursuant to the settlement agreement, I construe Plaintiff's motion as a motion to enforce the settlement agreement. Cf. Tedesco Mfg. Co., Inc. v. Honeywell Intern. Inc., 2010 WL 939748, *2 (3d Cir. Mar. 17, 2010) (describing a motion to enforce settlement agreement).

"A settlement between parties to a lawsuit is a contract like any other contract which may be freely entered into and which a court, absent a demonstration of fraud or other compelling circumstances, should honor and enforce as it does other contracts." Jennings v. Reed, 381 N.J.Super. 217, 227 (App. Div. 2005) (internal citation omitted); Zuccarelli v. State Dept. of Environ. Prot., 326 N.J.Super. 372, 380 (App. Div. 1999). "Where material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." Saudi Basic Inds. v. Exxon Corp., 364 F.3d 106, 113 (3d Cir. 2004) (citations omitted). But, where no material facts are in dispute, no evidentiary hearing is necessary. Tedesco, 2010 WL 939748 at *2.

Plaintiff avers that Defendant has not made the final $5,000 payment required by the parties' settlement agreement. Defendant has not disputed this fact. Rather, viewing his submissions with leniency on account of his *pro se* status, Defendant has argued that he entered into the settlement agreement under duress or fraud, and that does not have the assets to pay the amount due. This Court, as noted, has already denied Defendant's motion for rescission of the settlement agreement. In connection with that ruling, Defendant's arguments regarding duress and fraud were rejected by the Court. And any inability to pay, on Defendant's part, does not undercut the validity of the agreement itself. Therefore, I conclude that there are no material facts in dispute and no evidentiary hearing is necessary.

The only issue that remains, then, is the interpretation of the agreement and its application here. The language of the settlement agreement clearly provides that if Defendant does not make all payments, or cure his default, "default judgment shall issue *ex parte* against [Defendant] in the amount of $110,000.00, less credit for payment made ...." Because Defendant has not disputed his failure to pay, and I find the language of the settlement agreement clear on its face, I conclude that Plaintiff is entitled to judgment.

In terms of the amount of the judgment, I conclude that Plaintiff's calculation of the amount paid is correct. Defendant paid the initial installment of $39,000, and two subsequent payments of $6,000 and $5,000 each. This totals $50,000. Subtracting that amount from the $110,000 set forth in the agreement results in a judgment amount of $60,000.

**Conclusion**

For these reasons, Plaintiff's motion for "default judgment," which I have construed as a motion to enforce the settlement agreement, is GRANTED.

/s/ Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.

Dated: June 3, 2010