UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

September 21, 2010

### LETTER ORDER

**Re:** Antoniotti v. Nostrand
Civil Action No. 07-209 (FLW)

Dear Mr. Nostrand and Counsel:

Pending before the Court is Mr. Nostrand's Motion to Locate & Produce Judicial Materials [Docket Entry No. 86]. The Court has reviewed Mr. Nostrand's initial moving brief submitted on August 6, 2010 as well as his supplemental response submitted on August 16, 2010. The Court notes that Plaintiff has not opposed Mr. Nostrand's Motion. The Court considers Mr. Nostrand's Motion to Locate & Produce Judicial Materials without oral argument, pursuant to FED.R.CIV.P. 78. For the reasons stated below, Mr. Nostrand's Motion is denied.

Initially, the Court notes that Mr. Nostrand refers to "sealed records and transcripts" in his moving brief and argues that "[t]hese sealed records and transcripts are crucial for [his] defense of the alleged June 25, 2008 default proceeding currently pending as the September 7, 2010 motion for reconsideration and appellant review stayed under Fed. R. App. P. 4(a)(4)." (Nostrand Br. at 1). To the extent there is any confusion, the Court notes that, here, not a single proceeding, brief, order, opinion, transcript or other record has been sealed, let alone an entire docket. In fact, according to the Court's Local Civil Rules, "[n]o docket

shall be sealed." L.Civ.R. 5.3(e). Thus, the case relied upon by Mr. Nostrand: *U.S. v. Valenti*, 987 F.2d 708 (11th Cir. 1993), in which there was both a public and sealed docket, is completely inapposite. As previously stated, in this matter there is only one docket, the public docket to which Mr. Nostrand already has access. Further, as already noted, not a single transcript or other record has been sealed in this matter. Consequently, there are no sealed records or transcripts for the Court to produce.

Mr. Nostrand's reference to "sealed records and transcripts" appears to be a mischaracterization of proceedings that were held "off the record." The fact that a proceeding is held "off the record" does not mean that it is sealed. Indeed, those are two very different concepts. Sealed or closed proceedings are proceedings in a case that involve confidential information, which the parties have established is entitled to be protected from the public under L.Civ.R. 5.3(c). Sealed or closed proceedings are often times recorded and like the proceedings themselves, the records of the sealed or closed proceedings are kept inaccessible from the general public. In contrast, an "off the record" proceeding is simply unrecorded.

As the Court has already informed Mr. Nostrand, "off the record" proceedings are, as the description suggests, not recorded; therefore, the Court does not possess any judicial materials related to same. To be clear "off the record proceedings" held in this matter, such as the April 17, 2007 initial conference or August 2, 2007, October 12, 2007 and February 1, 2008 telephone conferences, were not transcribed, taped, videotaped or otherwise recorded. Instead, the only record of these proceedings are the minute entries related to same, which appear on the docket and to which Mr. Nostrand has full access. The Court, therefore, cannot produce any materials related to such proceedings outside of the minute entries because no additional records exist.

The Court understands that Mr. Nostrand may be frustrated by the fact that not every proceeding in this matter was conducted on the record. However, despite that frustration, the reality is that the Court

cannot produce materials that do not exist and this simple truth will not change regardless of how many times Mr. Nostrand asks for their production. Consequently, any future motions for the production of materials related to "off the record" proceedings will be summarily dismissed. So too will any future motions for the production of sealed records or transcripts because, as the Court made clear herein, no records or transcripts were sealed in this matter.

The Court notes that also pending in this matter is Mr. Nostrand's Motion for Relief of Order Subject to Federal Rule 60(d)(4) & 60(b)(3) [Docket Entry No. 89]. In that Motion, Mr. Nostrand seeks to have "the Court postpone a decision on the Motion for Reconsideration returnable September 7, 2010" because that Motion depends, in part, "on the Court's Order allowing defendant discovery of extensive off the record (sealed) proceedings defined in defendant's Motion[] to Locate, Unseal and Produce Judicial Materials[.]" (Nostrand Br. at 1). Because the Court has already determined that there are both no records of "off the record" proceedings and no sealed records or transcripts in this matter, Mr. Nostrand's Motion for Relief is denied.

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED THAT THE CLERK OF THE COURT TERMINATE MR. NOSTRAND'S MOTIONS [DOCKET ENTRY NOS. 86 & 89] ACCORDINGLY.**

   s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**